Filed 6/1/22  P. v. Whittaker CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>MARCUS DION WHITTAKER,<br><br>     Defendant and Appellant. | F083067<br><br>(Super. Ct. No. MF43433)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  David W. Moranda, Judge.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Peña, Acting P. J., Meehan, J. and De Santos, J.

## INTRODUCTION

Defendant Marcus Dion Whittaker was convicted of first degree murder and robbery in 2008. The jury also found true a felony-murder special-circumstance allegation the murder was committed during the commission or attempted commission of a robbery pursuant to Penal Code section 190.2, subdivision (a)(17)(A). (Undesignated statutory references are to the Penal Code.) Defendant petitioned for resentencing under Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) in 2021. The court denied defendant's petition based upon the true finding on the special circumstance allegation. On appeal, defendant contends the court erred in denying his petition on this basis.

We conclude the record establishes defendant is ineligible for resentencing as a matter of law. Accordingly, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL HISTORY

In 2008, a jury convicted defendant of first degree murder (§ 187; count 1), with a special circumstance that the murder was committed during the commission or attempted commission of a robbery (§ 190.2, subd. (a)(17)(A)). The jury found "not true" the charged enhancement alleging defendant intentionally and personally discharged a firearm and proximately caused great bodily injury as defined in section 12022.7, or death to any person other than an accomplice in the commission of the murder, in violation of section 12022.53, subdivision (d). The jury also found "not true" an allegation defendant personally used a firearm in the commission of the crime, in violation of section 12022.5. The jury also convicted defendant of two charges of attempted robbery against two different victims (§§ 664, 211; counts 2 & 4) and robbery against another victim (§ 211; count 3), but found the related firearm enhancements to those charges "not true." The jury also convicted defendant of possession of a firearm by a felon (former § 12021, subd. (a)(1); count 5).

In 2021, defendant filed a petition for resentencing pursuant to section 1170.95. After discussing the facts of the case, he asserted "it is clear that the prosecution

2.

proceeded against [him] under a theory of felony murder." He argued there was no evidence he intended for his codefendants to kill anyone. He asserted, though his accomplice testified at trial that defendant was the shooter, "it is clear that the jury did not believe his testimony" because it found to be not true the allegations defendant personally used and personally and intentionally discharged a firearm during the murder and attempted robbery. He argued he made a prima facie showing he was tried and ultimately convicted pursuant to the felony-murder doctrine. But he was not the actual killer and did not have an intent to kill. He asserted he satisfied the requirements under section 1170.95 to have his murder conviction vacated. He averred a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory; at trial, he was convicted of first degree murder pursuant to the felony-murder rule; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437). He also stated he was not the actual killer; he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder; and he was not a major participant in the felony and/or did not act with reckless indifference to human life. He also averred the victim of the murder was not a peace officer in the performance of his or her duties.

Before the People filed a response or additional briefing was submitted, the court summarily denied the petition, reasoning:

> "The jury specifically found [defendant] was a major participant who acted with reckless indifference to human life by making a true finding on a special circumstance as described in subdivision (d) of section 190.2. [Defendant] has failed to make a prima facie case for relief."

## DISCUSSION

Defendant now challenges the denial of his petition. We affirm the court's order.

3.

## I.    Senate Bill 1437 and Senate Bill 775

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019.  Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability.  (Stats. 2018, ch. 1015, §§ 2–3.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  *Malice shall not be imputed to a person based solely on his or her participation in a crime*."  (§ 188, subd. (a)(3), italics added.)  The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea."  (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree."  Senate Bill 1437 amended section 189, in part, by adding subdivision (e), which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and

acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The legislation also added section 1170.95, providing a procedure by which defendants whose cases are final can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.) Initially, section 1170.95 permitted those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (Stars. 2018, ch. 1015, § 4, subd. (a).)

In Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), effective January 1, 2022, the Legislature amended the language of section 1170.95 to expand the scope of the petitioning procedure, in part, by expressly permitting persons convicted of attempted murder under the natural and probable consequences doctrine to petition for relief. (Stats. 2021, ch. 551, § 2.) Under the amended statute, an offender may file a petition under section 1170.95 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;] [¶]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and] [¶]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

Upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1170.95, subd. (b)(3).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine

whether the petitioner has made a prima facie case for relief." (§ 1170.95, subd. (c).) If the petitioner has made such a showing that the petitioner is entitled to relief, the court "shall issue an order to show cause." (*Ibid.*) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*) Within 60 days after the order to show cause has issued, the trial court must then hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).)

## II.     Analysis

Defendant contends he had a due process right to full consideration of his briefing before his petition was denied. He acknowledges our court has held a special circumstance finding bars a defendant from relief, but he argues the cases holding otherwise are better reasoned. He contends the California Supreme Court reexamined the concepts of major participant and reckless indifference to human life in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, and such guidance was not available to his jury. The People assert the jury's special circumstance finding rendered defendant categorically ineligible for relief, and any error by the trial court in failing to require further briefing or to hold a hearing was harmless. On reply, defendant contends "[f]raming the issue as whether *Banks* created new law does not answer the question of the proper forum for reviewing the evidentiary sufficiency of a pre-*Banks* finding. Section 1170.95 provides a vehicle for such a review." He also contends the alleged error by the trial court in failing to wait for full briefing before denying his petition cannot be deemed harmless "[w]ithout a full explanation of the trial court's ruling." We agree with the People; because the jury's true finding on the felony-murder

special-circumstance enhancement rendered defendant ineligible for relief as a matter of law, we affirm the court's order denying defendant's petition. and we cannot conclude defendant was prejudiced by the alleged procedural errors.

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the California Supreme Court condoned the trial court's use of the record of conviction in deciding whether a defendant has made a prima facie showing of eligibility for relief. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].) The *Lewis* court cautioned that the prima facie inquiry under section 1170.95, subdivision (c) is "limited" and a "'court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Lewis*, at p. 971.) "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid.*)

And here, the record of conviction, specifically the true finding on the special circumstance allegation, refutes the facts stated in defendant's petition for resentencing, namely, his claim that he was not a major participant in the underlying felony and did not act with reckless indifference to human life in the commission of the crime. Put differently, section 189, as amended by Senate Bill 1437, now permits a felony-murder conviction only when specified facts relating to the defendant's individual culpability have been proved. Among such circumstances, a felony-murder conviction is permissible if the defendant "was the actual killer"; he, "with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree"; or he "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e); see § 190.2, subds. (c), (d); see also *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th

7.

411, 419.) In other words, "[t]he language of the special circumstance tracks the language of Senate Bill 1437 and the new felony-murder statutes." (*Gutierrez-Salazar*, at p. 419.) Thus, by finding the special circumstance allegation true, the jury made the requisite findings necessary to sustain defendant's felony-murder conviction under the amended law.

It is true after defendant was convicted, "*Banks* and *Clark* 'clarified "what it means for an aiding and abetting defendant to be a 'major participant' in a crime who acted with a 'reckless indifference to human life.'"'" [Citation.] *Banks* identified certain factors to consider in determining whether a defendant was a major participant; *Clark* identified factors to guide the determination of whether the defendant acted with reckless indifference to human life." (*People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5, review granted Oct. 14, 2020, S264033.) And the Courts of Appeal are split on the question of whether a special circumstance finding entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1170.95 resentencing relief as a matter of law. (See *People v. Jones* (2020) 56 Cal.App.5th 474, 478–479 [collecting cases], review granted Jan. 27, 2021, S265854.) Our Supreme Court has granted review to decide the issue. (*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606 [2020 Cal.App.Unpub. Lexis 8505; 2020 WL 7417057].)

Courts holding that a pre-*Banks* and *Clark* felony-murder special circumstance finding bars section 1170.95 resentencing relief have reasoned that *Banks* and *Clark* merely clarified the law as it always was. (See, e.g., *People v. Jones*, *supra*, 56 Cal.App.5th at pp. 482, 484, review granted; accord, *People v. Nunez* (2020) 57 Cal.App.5th 78, 92, review granted Jan. 13, 2021, S265918; *People v. Allison* (2020) 55 Cal.App.5th 449, 458.) These courts further note that our Supreme Court does not require juries to be instructed on the *Banks* and *Clark* clarifications. "Rather, while CALCRIM No. 703 now includes *optional* language drawn from *Banks* and *Clark* regarding the factors a jury *may consider*, '[t]he bench notes to the instruction state that

8.

*Banks* "stopped short of holding that the court has a sua sponte duty to instruct on those factors," and *Clark* "did not hold that the court has a sua sponte duty to instruct on those factors."'" (*Nunez*, at pp. 92–93; accord, *Jones*, at p. 486; *Allison*, at pp. 458–459.) Thus, these courts found "no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a post-*Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards." (*Nunez*, at p. 94.)

These courts have also held that an attack on a special circumstance finding in a section 1170.95 proceeding effectively constitutes a collateral attack on the judgment. (See *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142, review granted Oct. 14, 2020, S264284; *People v. Gomez*, *supra*, 52 Cal.App.5th at p. 16, review granted.) According to these courts, a petitioner who wishes to argue the special circumstance finding is invalid under current law must first seek to invalidate that finding through a petition for writ of habeas corpus before seeking resentencing pursuant to section 1170.95. (*Galvan*, at p. 1142; *Gomez*, at p. 17; *People v. Jones*, *supra*, 56 Cal.App.5th at p. 485, review granted.) These courts reason that a contrary interpretation "would read into section 1170.95 a new procedure allowing petitioners to ignore a special circumstance finding— no matter how well supported in the record—as well as the recognized method of challenging it. Such petitioners would be allowed to relitigate a prior jury finding at an evidentiary hearing where the prosecution bears the burden of proving the truth of the finding, beyond a reasonable doubt, a second time." (*Jones*, at p. 485.)

On the other hand, courts that have found a special circumstance finding insufficient to render a petitioner ineligible for relief have reasoned that *Banks* and *Clark* "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, review granted June 24, 2020, S262011, abrogated on other grounds in *Lewis*, *supra*, 11 Cal.5th at p. 963; accord, *People v. Harris* (2021) 60

Cal.App.5th 939, 957–958, review granted Apr. 28, 2021, S267802.)  Thus, these courts surmised that a petitioner with a pre-*Banks* and *Clark* special circumstance finding may have been convicted based on "conduct that is not prohibited by section 190.2 as currently understood." (*Torres*, at p. 1180; accord, *Harris*, at pp. 957–958; *People v. York* (2020) 54 Cal.App.5th 250, 258, review granted Nov. 18, 2020, S264954; *People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835.)  They hold, to the extent the jury's factual findings underlying a felony-murder special-circumstance finding are legally insufficient under *Banks* and *Clark*, the findings cannot refute a prima facie showing of entitlement to resentencing relief.  (*People v. Secrease* (2021) 63 Cal.App.5th 231, 256, review granted June 30, 2021, S268862.)  Accordingly, in considering whether a petitioner is entitled to relief pursuant to section 1170.95, the trial court must first determine whether "the evidence presented at trial was sufficient to support the felony-murder special-circumstance finding under *Banks* and *Clark*." (*Secrease*, at p. 264.)

As defendant acknowledges, our court has previously held we find more persuasive those cases holding that a special circumstance finding precludes relief as a matter of law.  (*People v. Simmons* (2021) 65 Cal.App.5th 739, 749, review granted Sept. 1, 2021, S270048; accord, *People v. Jones*, *supra*, 56 Cal.App.5th at pp. 482, 484, review granted; *People v. Nunez*, *supra*, 57 Cal.App.5th at p. 92, review granted; *People v. Allison*, *supra*, 55 Cal.App.5th at p. 458.)  And defendant does not persuade us to depart from our previous reasoning.

*Banks* and *Clark* did not state a new rule of law.  (*People v. Simmons*, *supra*, 65 Cal.App.5th at p. 749, review granted.)  Rather, they relied on the United States Supreme Court's decisions in *Enmund v. Florida* (1982) 458 U.S. 782 and *Tison v. Arizona* (1987) 481 U.S. 137 to clarify principles that had long been in existence at the time those defendants were convicted.  (*Ibid.*; accord, *People v. Allison*, *supra*, 55 Cal.App.5th at p. 458; *People v. Gomez*, *supra*, 52 Cal.App.5th at p. 13, fn. 5, review granted.)  *Enmund*

prohibited felony-murder liability for a defendant who "did not commit the homicide, was not present when the killing took place, and did not participate in a plot or scheme to murder," and explained that, to be liable for felony murder, the aider and abettor must himself "kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." (*Enmund*, *supra*, at pp. 795, 797.) *Tison* held that "major participation in the felony committed, combined with reckless indifference to human life, is sufficient to satisfy the *Enmund* culpability requirement." (*Tison*, *supra*, at p. 158.) As *Banks* noted, this language from *Tison* was later codified by the California electorate in section 190.2, subdivision (d). (*Banks*, *supra*, 61 Cal.4th at p. 800.) To the extent *Banks* and *Clark* illuminated factors a factfinder might consider in determining whether a defendant was a major contributor who acted with reckless indifference to human life, they drew those factors from *Enmund* and *Tison*. (See *Banks*, *supra*, at pp. 801–803; *Clark*, *supra*, 63 Cal.4th at pp. 615, 618–623.) These principles existed when defendant was convicted and, absent a determination on direct appeal or in a habeas corpus proceeding that the evidence was insufficient to support the jury's finding, there is no basis to conclude defendant's jury applied different standards than those described in *Banks* and *Clark*.

Furthermore, because defendant is categorically ineligible for relief, we cannot conclude he was prejudiced by the failure to permit further briefing on his petition. (See *People v. Watson* (1956) 46 Cal.2d 818, 836.) That is, it is not reasonably probable he would have obtained a more favorable result had additional briefing been permitted. (*Ibid.*)

Accordingly, we reject defendant's contentions.

## DISPOSITION

The court's order denying defendant's petition for resentencing is affirmed.